HEARD APRIL TERM, 1874.

## DAVIS *vs.* WINSMITH.

A offered, at public outcry, to rent a tract of land in separate parcels, and B bid off two fields which the crier represented as containing seventy acres, but which probably contained much less. After the biddings were over, A and B made a contract for the rent of the whole tract, and B gave to A his note for the sum agreed on: *Held,* That this was a new and independent contract, unaffected by the representations of the crier.

Where a surveyor is appointed for both parties, his plat, filed with the Clerk, cannot be given in evidence without calling the surveyor as a witness to verify it.

A defendant, to entitle himself to the reply, must follow the mode prescribed by the rule of Court.

BEFORE MOSES, J., AT SPARTANBURG, OCTOBER TERM, 1873.

This was an action by John Davis against J. Winsmith, to recover the amount of a sealed note, given by the defendant to the plaintiff, for $250 "in gold or its equivalent in currency, for the rent of the place formerly owned by George D. Smith," dated January 5th, 1867, and payable twelve months after date.

The answer stated that the note was given for the rent of tillable land; that defendant had not received full consideration; and that the land fell short of the number of acres represented.

The plaintiff, at the trial, read the note in evidence and closed. The defendant then gave evidence tending to show that the place mentioned in the note was offered for rent in January, 1867, at public outcry, by George D. Smith, as agent of the plaintiff; that two fields represented by the crier, one as containing 40 acres, and the other 30 acres of new and fresh land, were bid off by defendant at $90; that there were only about 35 acres in both fields, and that the lands were poor and thin. He then produced a rule of survey made in this case, on behalf of both parties, directed to W. C. Camp, surveyor, and a plat which the surveyor had filed with the Clerk, and offered the plat in evidence. This was objected to by

plaintiff, the surveyor not being present as a witness. His Honor sustained the objection, and defendant excepted.

The plaintiff called George D. Smith as a witness, who testified that the offer to rent at public outcry was advertised; that many persons were present; that four fields were bid off at $350; that one bidder asked to be released because he did not get as much land as he wanted; that the witness then proposed to defendant that he should take the place, which he declared his willingness to do, and after some bargaining they agreed upon $250 as the rent of the whole place, and the bargain was closed by defendant's giving the note in suit. The plaintiff also gave other evidence tending to show that no representations as to the quality or quantity of the lands was made by the crier, and that defendant knew the place when he rented it.

The defendant then offered evidence in reply, but, on objection made, His Honor ruled that it could not be received, and defendant excepted.

His Honor charged the jury that the note " was a new contract, and not subject to abatement on account of any representations made in reference to a part of the land at the time the renting took place," to which charge defendant excepted.

The jury found for the plaintiff the full amount of the note, and the defendant appealed.

*Sullivan & Winsmith,* for appellant.

*Bobo & Carlisle,* contra.

Sept. 5, 1874. The opinion of the Court was delivered by

WRIGHT, A. J. This was an action brought upon a single bill given for the rental of land. The appellant avers that he did not receive full consideration for said note, as he claims the land rented fell short of the number of acres represented. A part of the land in question was rented at public outcry, there being two fields. The crier represented, as is shown by the testimony, that there were about forty acres in the first field put up for rent, and thirty acres in the second. The two fields rented for the sum of ninety dollars.

After the public bidding was closed, the owner of the land applied to the appellant to rent the whole. A trade was closed for all, and the note sued upon given for the rent.

Davis *vs.* Winsmith.

We do not regard the exception to the charge of the Judge well taken. The whole testimony, on the part of the appellant, applied to the quantity of the land supposed to be bid off by him at the public outcry. That contract was entirely superseded by the new one, which included the whole place. It was rented as a whole, and, so far as the testimony shows, referred to the boundaries which were known to the appellant. He had the opportunity of disclosing all that was said and done which led to the execution of the note, and although having it in his power to show any misrepresentation or fraudulent statements in regard to the contract which resulted in his giving the note, not a single expression was offered in evidence from which any wilful misstatement could be inferred.

The note was not given for the rent of a part of the land, as concluded by the bid at the public outcry of it, but on a new contract for the rent of the whole of it, and in regard to it the evidence did not show any misrepresentation as to the quantity in consideration of which the price stated in the note was agreed upon.

The return of the joint surveyor was clearly incompetent, and the Judge properly refused to allow it. Unless verified on the trial by his examination, subject to cross-examination, the mere introduction of the paper in evidence would have been of no avail, for, unless the boundaries were shown by the surveyor, under oath, to be correct, how could the jury ascertain the number of acres, and without this knowledge they could not conclude whether any deficiency of quantity existed. The practice, founded in reason, has too long prevailed to be lightly set aside. If the appellant desired the presence of the surveyor, it was his duty to have subpenaed him, and have ascertained, before he announced himself ready for trial, that he could avail himself of his examination, if he desired to introduce the plat. If there was any surprise on the part of the appellant, it was caused by his own neglect in not compelling the presence of the surveyor through the means which the law affords him.

Nor was there any error on the part of the Judge in refusing to allow the appellant the reply in the evidence. The testimony offered by the plaintiff below, in answer to that of the defendant, cannot be considered as that kind of new testimony to which a reply is permitted by the party who is not entitled to the general reply. It was but a circumstance to resist the effect of the evidence which the appellant had offered to sustain his defense. If it was not,

however, even strictly in reply, the appellant has lost the benefit of availing himself of that objection, because he did not, at the time it was offered, submit his exception. He did not admit the plaintiff's cause of action in the mode provided by the rule, and, therefore, was not entitled to the reply as there allowed.

We see no ground on which the motion can prevail, and it is therefore dismissed.

*Moses*, C. J., and *Willard*, A. J., concurred.